# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      **Plaintiff,**<br><br>vs.<br><br>**DANELLE CHARF,**<br><br>      **Defendant.** | 8:22CR105<br><br>ORDER |

  This matter is before the Court on Defendant's Motion for Bill of Particulars and Alternative Motion in Limine (Filing No. 39).  The Court will deny the motion.

  On May 17, 2022, a grand jury returned an Indictment charging Defendant, a licensed pharmacist, with health care fraud in violation of 18 U.S.C. § 1347.  (Filing No. 1).  The Indictment alleges Defendant owned and operated two private pharmacies in Nebraska—Wanek Pharmacy and Tilden Pharmacy—and entered into provider agreements to participate in Medicare Part D and Nebraska Medicaid.  (*Id.* at ¶¶ 2-11).  The Indictment alleges that, beginning on or about January 1, 2016, and continuing until on or about January 27, 2021, Defendant knowingly devised a scheme to defraud a health care benefit program to unlawfully enrich herself by submitting fraudulent claims to Medicare and Nebraska Medicaid.  (*Id.* at ¶¶ 13-14).  In furtherance of the scheme, Defendant allegedly would fill prescriptions with the generic version of certain medications and then submit claims for reimbursement from Medicare and Nebraska Medicaid for the more expensive brand-name versions of the medications (*Id.* at ¶ 15) or submit claims for reimbursement for prescriptions that were never actually dispensed (*Id.* at ¶ 16).  As a result of this scheme, Defendant caused losses to Medicare and Nebraska Medicaid of at least $573,337.53.  (*Id.* at ¶17).  The Indictment sets forth five counts specifying separate occasions when Defendant submitted claims for brand-name prescription medications that were never dispensed to the beneficiary; each of the five counts sets forth the beneficiary's initials, the program billed, the claim date, the amount paid, and the brand-name prescription medication.  (*Id.* at ¶ 18).

  Defendant has filed the instant motion requesting a bill of particulars requiring the government to supply certain information to fairly inform her of the charges against her. Specifically, Defendant requests that the government: (1) identify the prescriptions filled at the Wanek pharmacy with generic medications submitted for reimbursement for the more expensive

brand-name versions of the medications as alleged in ¶ 15 of the Indictment, including the patient name, date and medication involved in each claim; (2) identify the claims submitted to health care benefit programs for prescription medications never actually dispensed, including the date, prescription, identification and patient named in each falsely submitted claim, and to what entity the claim was submitted as generally alleged in ¶ 16 of the Indictment; and (3) identify the transactions describing the loss alleged in ¶ 17 of the Indictment. If her motion for bill of particulars is not granted, Defendant alternatively requests an order in limine "restricting the comments of counsel and evidence" to the five transactions specified in ¶ 18 of the Indictment. (Filing No. 39).

## ANALYSIS

As an initial matter, Defendant's pretrial motion for a bill of particulars should be denied as it was untimely filed. On June 28, 2022, after Defendant's initial appearance and arraignment, the Court entered an order setting July 18, 2022, as the deadline to file pretrial motions. (Filing No. 11). On Defendant's motion, the Court extended the pretrial motion deadline twice; most recently, on September 19, 2022, the Court entered an order setting November 14, 2022, as the deadline for filing pretrial motions, (Filing No. 32), and trial is set to commence on February 6, 2023, (Filing No. 38). Defendant filed the instant motion on December 28, 2022, without requesting an extension of the pretrial motion deadline and without showing good cause why such extension should be granted. Because this pretrial motion is untimely, it should be denied on that basis alone. See NECrimR. 12.3(a) ("At the arraignment, the magistrate judge sets discovery and pretrial motion deadlines. These dates are strictly enforced. Motions for an extension of time to file pretrial motions are only granted for good cause shown, and absent good cause shown they must be filed within the pretrial motion filing deadline.").

Nevertheless, Defendant's motion should also be denied on its merits. An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and, for each count, "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). A defendant may move for a bill of particulars when she believe the indictment does "does not provide enough information to prepare a defense." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (citing Fed. R. Crim. P. 7(f)). "The purpose of a bill of

particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *Id.* (quoting *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002) (internal quotation marks omitted). "[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011); see also *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003) ("The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved."). To determine whether a bill of particulars is necessary, the court should examine whether the indictment adequately states an offense. "An indictment adequately states an offense if: it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012) (quoting *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009).

The Indictment in this case charges Defendant with health care fraud in violation of 18 U.S.C. § 1347. This statute penalizes any individual who knowingly and willfully executed or attempted to execute a scheme or artifice

> (1) to defraud any health care benefit program; or
>
> (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services[.]

18 U.S.C. § 1347(a); see also *United States v. Boesen*, 491 F.3d 852, 856 (8th Cir. 2007) (stating the elements of healthcare fraud as set forth in the statute).

Here, the eighteen-paragraph "speaking" Indictment contains the essential elements of the charged offense of health care fraud under § 1347. The Indictment alleges Defendant, a licensed pharmacist, knowingly devised a scheme to defraud health care benefit programs, Medicare Part D and Nebraska Medicaid, in order to unlawfully enrich herself. (Filing No. 1). The Indictment alleges Defendant's scheme or artifice began on or about January 1, 2016, and continued to on or about January 27, 2021. The Indictment alleges generally that, in furtherance of the scheme, Defendant would fill prescriptions with the generic version of certain medications and then submit

claims for reimbursement from Medicare and Nebraska Medicaid for the more expensive brand-name versions of the medications (*Id.* at ¶ 15) or submit claims for reimbursement for prescriptions that were never actually dispensed (*Id.* at ¶ 16), and that as a result of this scheme, Defendant caused losses to Medicare and Nebraska Medicaid of at least $573,337.53 (*Id.* at ¶ 17). The Indictment then sets forth five separate counts specifying instances when Defendant allegedly submitted claims for brand-name prescription medications that were never dispensed to the beneficiary. Each of the five counts sets forth the beneficiary's initials, the program billed, the claim date, the amount paid, and the brand-name prescription medication. (*Id.* at ¶ 18).

The undersigned finds that the Indictment adequately states an offense and provides sufficient detail for Defendant to understand the nature of the charges, prepare a defense, and avoid surprise. Defendant does not contend the Indictment is missing any essential elements of the charged crimes or argue that the five counts charged in paragraph 18 are deficient in some way. Instead, Defendant asserts that paragraphs 15 and 16 must add additional factual specifications about each and every alleged fraudulent transaction Defendant took in furtherance of the scheme or artifice, including the patient name, date, and medications involved, and that paragraph 17 must identify all the transactions causing the referenced loss. But, "a bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *Huggans*, 650 F.3d at 1220. Additionally, the government asserts that the discovery materials provided to Defendant on July 5, 2022, (Filing No. 14), together with a "reverse proffer" meeting held on March 23, 2022, with Defendant, her attorney, the case agent, and the prosecuting AUSA, provided Defendant and her counsel with additional detailed information regarding the charges in the Indictment, "including reports from interviews of the beneficiaries for each charged count, [and] photographs of the medications dispensed to them[.]." (Filing No. 42 at p. 5). The government has also provided Defendant with the reports regarding to how the estimated loss in paragraph ¶ 17 was calculated. As such, the undersigned concludes that the Indictment and discovery provided to Defendant adequately provides enough information for her to prepare a defense. See e.g. *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002) (If information regarding the specific charge is available from other sources, such as hearings and discovery provided by the government, the need for a bill of particulars is eliminated); *Huggans*, 650 F.3d at 1220 (concluding bill of particulars was not necessary where government's pre-trial motion responses and discovery "were more than sufficient to enable [the defendant] to

4

understand the nature of the charges, prepare a defense, and avoid unfair surprise"). Because the Indictment sufficiently outlines each element of the offenses charged, fairly informs the defendant of the charges against which she must defend, and alleges sufficient information to allow the defendant to plead a conviction or acquittal as a bar to a subsequent prosecution, Defendant's motion for a bill of particulars will be denied.

Alternatively, Defendant requests an order in limine "restricting the comments of counsel and evidence to the five transactions" specified in ¶ 18 of the Indictment if the Court does not grant her motion for a bill of particulars. (Filing No. 39). Defendant offers nothing to support her argument that the government's evidence should be limited as requested. As noted above, "a bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *Huggans*, 650 F.3d at 1220. And, among other elements, the government will have to prove Defendant acted willfully, which may necessarily include evidence outside the five specific transactions alleged in the Indictment. See *United States v. Dupont*, 672 F.3d 580, 583 (8th Cir. 2012) (noting that a health-care fraud scheme requires proof that the defendant acted willfully). To be clear, at this time the undersigned is not determining what evidence is or is not admissible at trial—only that the government is not required to set forth in the Indictment a detailed disclosure and/or specific facts regarding every transaction Defendant took in furtherance of the scheme to defraud a health care benefit program in order to seek to admit such evidence at trial. To the extent Defendant wishes to challenge the admissibility of any evidence on other grounds, that issue is not currently before the Court.

Upon consideration,

**IT IS ORDERED** that Defendant's Motion for Bill of Particulars and Alternative Motion in Limine (Filing No. 39) is denied.

Dated this 9th day of January, 2023.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge